### DOROTHY GRAY, Ltd., v. JOHNSON WHOLESALE PERFUME CO., Inc.

### No. 624.

District Court, D. Connecticut.

Aug. 7, 1941.

Raymond E. Hackett, and Walter B. Lockwood, both of Stamford, Conn., for plaintiff.

Herman M. Levy, and Burton N. Levey, both of New Haven, Conn., for defendant.

HINCKS, District Judge.

This matter is now before the court on plaintiff's application for a preliminary injunction to restrain the defendant from cutting prices on plaintiff's product in Connecticut and Massachusetts in violation of the Fair Trade laws of these States.

#### Findings of Fact.

1. The plaintiff is a Delaware corporation, and the defendant is a Connecticut corporation, and the amount in controversy and value of the plaintiff's rights sought to be protected in this proceeding is in excess of $3,000.

2. The plaintiff advertises and distributes to retailers in Connecticut and Massachusetts commodities in the cosmetics and toiletries line, and each of said products or the label or container of said products bears the name of plaintiff as the distributor thereof.

3. The products distributed by plaintiff are in free and open competition in the States of Connecticut and Massachusetts with other nationally advertised lines of cosmetics and toiletries. Indeed, in the markets of these States each item of the plaintiff's line of cosmetics has a substantial counterpart in the lines of other competing manufacturers.

4. In the year 1940 the plaintiff maintained 32 active retail accounts in the State of Connecticut, and its net sales for that year in Connecticut approximated $23,000. In the same year the plaintiff maintained 67 active retail accounts in the State of Massachusetts, and its net sales for that year in Massachusetts approximated $69,000.

5. The plaintiff has expended large sums of money in advertising its commodities and through costly sales promotion efforts has built up a valuable goodwill as one of the leading distributors of the cosmetics and toiletries line.

6. The defendant owns and operates numerous cut-rate retail stores in the States of Massachusetts and Connecticut for the sale of drugs, pharmaceutical products, perfumes, cosmetics, and similar commodities. The defendant also owns and operates a wholesale business in the same line of commodities in Connecticut and Massachusetts.

7. In the latter part of 1937 the plaintiff entered into Fair Trade contracts with various retailers in Connecticut and Massachusetts pursuant to the Fair Trade laws of the respective states. In said contracts, which are still in force, the plaintiff established the minimum prices at which its commodities might be sold at retail in Connecticut and Massachusetts.

8. Thereafter on various occasions continuing down to the present time, defendant has wilfully and knowingly advertised, offered for sale, and sold at retail in Connecticut and Massachusetts the products distributed by plaintiff at prices lower than the minimum retail prices established by plaintiff under said Fair Trade Contracts.

9. Plaintiff first received notice of violations of its contracts by the defendant in Connecticut in December, 1938, and the violations of its contracts by the defendant in Massachusetts were not known to the plaintiff until October, 1939.

10. In December, 1938, the plaintiff notified the defendant of its violations, and warned the defendant that it was open to suit by any person who might be damaged thereby. The plaintiff has repeatedly made similar warnings to the defendant down to the date of the present action. The defendant's sales of plaintiff's products below the minimum prices were made in spite of these repeated warnings.

11. The plaintiff has at no time acquiesced in the acts of the defendant in selling plaintiff's merchandise at prices below the prices established in plaintiff's Fair Trade Contracts, nor has it in any way encouraged the defendant to continue violations of its Fair Trade Contracts.

12. Since July 1938, the plaintiff has refused to sell the defendant its products. One of the reasons why the plaintiff refused to sell the defendant its products was because its business policy was not to sell to wholesalers.

13. In spite of the plaintiff's refusal to sell the defendant its products, the defendant secretly acquired the plaintiff's products from sources in the State of New York unknown to the plaintiff, and defendant sold said products at prices below the minimum prices established by plaintiff's Fair Trade Contracts.

14. The defendant, in defiance of plaintiff's Fair Trade Contracts, intends wilfully and knowingly to continue, and will continue, to violate said contracts in Connecticut and Massachusetts unless restrained by the order and judgment of this Court.

15. From time to time the plaintiff has received complaints from its customers in Connecticut and Massachusetts concerning violations by the defendant of plaintiff's Fair Trade Contracts.

16. The acts of the defendant and the continuance thereof have caused, and will continue to cause, irreparable damage to the plaintiff for which there is no adequate remedy at law.

### Conclusions of Law.

1. The acts of the defendant constitute violations of the Connecticut Fair Trade Act, § 593d, 1937 Supp., and the Massachusetts Fair Trade Law, Chap. 398, Laws of 1937, and constitute unfair competition within the meaning of said laws.

2. The commodities distributed by plaintiff are in free and open competition in the States of Connecticut and Massachusetts with commodities of the same general class produced or distributed by others.

3. The acts of the defendant and the continuance thereof have caused and will

continue to cause irreparable damage to the plaintiff, for which there is no adequate remedy at law.

4. The plaintiff is not guilty of laches.

5. The plaintiff's refusal to sell to the defendant does not bar the injunctive relief sought. See dictum of Simpson, J., in Burrows Wellcome Co. v. Johnson, Superior Court, Conn., May 13, 1941.

6. The Connecticut Fair Trade Act, § 593d, 1937 Supp., is constitutional.

7. The plaintiff is entitled to a preliminary injunction.

A decree with appropriate injunctive features may be submitted on three days' notice unless its form can be agreed upon.